UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A. NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>PAUL J. ENJALRAN, et al.,<br><br>Defendants. | No. 2:19-cv-01564-TLN-CKD (PS)<br><br><br><br>ORDER<br><br>(ECF No. 21) |

Presently pending before the court is plaintiff's second motion to amend her complaint. (ECF No. 21.)[1] For the reasons set forth below, the court grants plaintiff's motion.

Plaintiff's First Amended Complaint only named two defendants, Paul Enjalran and Kamal Kaur, omitting several defendants named in the original complaint. (Compare ECF No. 1 at 2-7 with ECF No. 18 at 2-4.) On December 17, 2019, the court granted plaintiff's motion to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15. (ECF No. 19.) The court additionally instructed plaintiff that her "amendment as a matter of course renders [her] original complaint non-existent" (ECF No. 19), and ordered plaintiff to file a response explaining why the court should not dismiss, pursuant to Federal Rule of Civil Procedure 41, defendants that plaintiff named in the original complaint but not in the amended

---

[1] Plaintiff's motion is entitled "motion . . . to file related action and to add defendants." The court treats plaintiff's motion as one to file a Second Amended Complaint to add defendants.

1

| | |
|---|---|
| 1 | complain. (<u>Id.</u>) |
| 2 | Plaintiff's present motion seeks to add the formerly-named defendants as well as Marcie |
| 3 | Frost and Tim Behrens. (ECF No. 21 at 2.) It appears that plaintiff did not name these |
| 4 | individuals in her First Amended Complaint because she alleges they cannot be liable under |
| 5 | <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), in |
| 6 | contrast to the defendants she did name in her First Amended Complaint. (ECF No. 21-1.) |
| 7 | Presumably, plaintiff is requesting the court to refer back to the prior complaint to keep the causes |
| 8 | of action against the unnamed defendants alive. However, "a plaintiff waives all causes of action |
| 9 | alleged in the original complaint which are not alleged in the amended complaint." <u>London v.</u> |
| 10 | <u>Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.1981). |
| 11 | In the interest of justice, and to allow plaintiff's claims to be heard on the merits, the court |
| 12 | grants plaintiff's motion to file a Second Amended Complaint. <u>See</u> Fed. R. Civ. P. 15(a)(2). |
| 13 | Plaintiff is again cautioned that her Second Amended Complaint will render her former complaint |
| 14 | <u>non-existent</u>, and "Defendants not named or served and all claims not re-alleged in the [Second] |
| 15 | Amended Complaint will be deemed to have been waived." <u>Lewis v. Mitchell</u>, 416 F. Supp. 2d |
| 16 | 935, 947 (S.D. Cal. 2005) citing <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.1987). |
| 17 | Additionally, for sake of clarity, the hearing on defendant Paul Enjalran's motion to |
| 18 | dismiss (ECF No. 20) will remain set for January 22, 2020. Even though Enjalran's motion |
| 19 | addresses the First Amended Complaint, the court finds that judicial economy, potential delay, |
| 20 | and potential prejudice to Enjalran weigh in favor of allowing his motion to proceed. If any |
| 21 | material change in plaintiff's allegations against Enjalran appear in her Second Amended |
| 22 | Complaint, the parties can address them at the hearing. |
| 23 | Accordingly, IT IS HEREBY ORDERED that: |
| 24 | 1. Plaintiff's motion to file and amended complaint (ECF No. 21) is GRANTED; |
| 25 | 2. Plaintiff's new complaint shall be entitled "Second Amended Complaint" and be filed |
| 26 | by January 15, 2020; and |
| 27 | ///// |
| 28 | ///// |

3. Plaintiff's Second Amended Complaint shall include <u>all</u> defendants <u>and</u> claims she seeks to allege in this action, as outlined above.

IT IS SO ORDERED

Dated: December 31, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16. roge. 1564