UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A. NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>PAUL J. ENJALRAN et al.,<br><br>Defendants. | No. 2:19-cv-01564-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 25, 28, 29, 30, 33) |

Presently before the court are four motions to dismiss by ten defendants.[1] (ECF Nos. 25, 28, 29, 30.) Plaintiff has filed two nearly identical oppositions to defendants' motions that do not provide substantive analysis. (ECF Nos. 31, 32.) Plaintiff also filed a motion to amend her pleading and a proposed Third Amended Complaint. (ECF Nos. 33, 34). A hearing on the motions to dismiss was held on March 11, 2020; plaintiff appeared representing herself, James Petrila appeared telephonically for the individual federal defendants and the United States, Ian McGlone appeared for defendant Roughton, Shannon Hewitt appeared for defendants Allred and K. Knight, and Jason Shane appeared for defendant Marriott. After hearing oral argument and

---

[1] Plaintiff names the Internal Revenue Service as a defendant in this action. However, the United States is the proper party based on plaintiff's claims. See Devries v. I.R.S., 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005) ("Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant."). Therefore, the court refers to the United States, rather than the IRS, as a defendant.

1

considering the briefing of the parties, the undersigned recommends granting defendants' motions, but giving plaintiff leave to amend as to the United States.

BACKGROUND

Unless otherwise indicated the undersigned refers to the operative Second Amended Complaint. (ECF No. 24.) Plaintiff alleges that the present action "arises out of the IRS Defendants' wrongful acts and omissions concerning [plaintiff]" in violation of multiple sections of the United States Code.[2] (Id. at 2.) More specifically, plaintiff alleges that defendants "repeatedly accessed and inspected the Plaintiff's information in violation of federal law that prohibits IRS agents from inspecting taxpayer information without authorization." (Id.) Plaintiff alleges the non-IRS defendants injured plaintiff "by fraud" and that the non-IRS defendants were "agents" of the IRS at all relevant times. (Id. at 2-3.)

The alleged violations caused plaintiff economic insolvency, humiliation, mental pain and suffering, damage to her credit, and to incur expenses to prevent further unreasonable searches and seizures. (Id. at 10.) Plaintiff prays for "[e]quitable relief, including an Injunction for Court oversight on IRS Defendant Gloria Sullivan" as well as a release of liens filed against plaintiff's real property and a release of levies and garnishments "filed against Plaintiff['s] financial bank institutions held by IRS Defendant Paul J. Enjalran." (Id. at 11.) Plaintiff also requests "compensatory, statutory and general damages against IRS Defendants . . . and . . . exemplary and punitive damages against all Defendants sued in their individual capacities." (Id.)

Procedurally, plaintiff has filed four complaints in this matter. The original complaint was filed on August 13, 2019. (ECF No. 1.) Several of the defendants filed motions to dismiss, but before those could be heard the plaintiff filed a motion to amend the complaint. (ECF No. 17.) On December 17, 2019, the court granted plaintiff's motion to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15. (ECF No. 19.) The court instructed plaintiff that her "amendment as a matter of course renders [her] original complaint non-existent."

---

[2] Plaintiff states the IRS defendants violated the following sections: 26 U.S.C. § 7433; 12 U.S.C. § 3401; 12 U.S.C. § 3402; 12 U.S.C. § 3403; 12 U. S.C. § 3404; 15 U.S.C. § 1692D; 15 U.S.C. § 1692E; 15 U.S.C. § 1692F; 18 U.S.C. § 1702; 26 U.S.C. § 6103; 26 U.S.C. § 7431; 28 U.S.C. § 1346; 31 U.S.C. § 1304.

(Id.) However, plaintiff's First Amended Complaint only named two defendants, Paul Enjalran and Kamal Kaur, omitting several defendants named in her original complaint. (Compare ECF No. 1 at 2-7 with ECF No. 18 at 2-4.)

Thereafter, on January 15, 20020, plaintiff filed a Second Amended complaint which added the formerly named defendants as well as Marcie Frost and Tim Behrens. (ECF No. 24.) In granting plaintiff leave to file her Second Amended Complaint the court "again cautioned that [plaintiff's] Second Amended Complaint will render her former complaint non-existent, and 'Defendants not named or served and all claims not re-alleged in the [Second] Amended Complaint will be deemed to have been waived.'" (ECF No. 22 at 2 quoting Lewis v. Mitchell, 416 F. Supp. 2d 935, 947 (S.D. Cal. 2005).)

After plaintiff filed her Second Amended Complaint, defendants filed their four motions to dismiss. (ECF Nos. 25, 28, 29, 30.) Plaintiff filed two oppositions, which do not offer any substantive discussion about the points raised by defendants, and plaintiff has not responded to two of the motions to dismiss. (See ECF Nos. 31, 32.) Finally, plaintiff filed another motion to amend her pleading and a Third Amended Complaint after defendants filed their pending motions to dismiss. (ECF Nos. 33, 34.)

LEGAL STANDARD

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters

properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

DISCUSSION

The court will first address the motion to dismiss filed by defendants representing or working for the Federal Government ("federal defendants")[3] (ECF No. 28.) [4] Due to the similarity of their arguments, the court will then discuss the non-government defendants' ("individual defendants") motions to dismiss together.[5]

A.     FEDERAL DEFENDANTS' MOTION TO DISMISS

The thrust of plaintiff's claims against the federal defendants appears to be that they violated 26 U.S.C. § 6103 by improperly disclosing her tax information, actionable against the United States pursuant to 26 U.S.C. § 7431 or § 7433.[6] (See ECF No. 24 at 4 ("The U.S. Government has waived its sovereign immunity pursuant to 26 U.S.C. § 7431, which provides taxpayers a cause of action for damages against the United States for knowing or negligent unauthorized inspection of tax return information in violation of 26 U.S.C. § 6103"); id. at 2 ("The IRS defendants . . . repeatedly accessed and inspected the Plaintiff's information in violation of federal law that prohibits IRS agents from inspecting taxpayer information without

---

[3] The federal defendants include the United States of America, Charles P. Rettig, Paul J. Enjalran, Gloria Sullivan, Miguel Torres, and Thomas D. Kramer. (ECF No. 28.)

[4] It does not appear that defendants Kamal Kaur, Marcie Frost, or Tim Behrens have been served, and they have filed nothing in this matter. However, plaintiff's claims against these defendants are identical to her claims against defendants Marriot and Roughton, and therefore subject to dismissal for the same reasons. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

[5] The Individual Defendants include (along with their respective motions): Sacramento County Clerk Recorders Donna Allred and Kathy Knight (ECF No. 25); President and CEO of Schools Financial Credit Union Deposits Service Tim Marriot (ECF No. 29); and President and CEO of Safe Credit Union Deposits Service Dave Roughton (ECF No. 30).

[6] Plaintiff's claim that defendants violated the Financial Privacy Act, 12 U.S.C. § 3401 et seq., is addressed by the court's discussion of Title 26, as "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by title 26." 12 U.S.C. § 3413.

authorization.").)

26 U.S.C. § 6103(a)(1) provides that "no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." However, Section 6103(h)(1) creates an exception to this rule, providing that, "[r]eturns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury *whose official duties require such inspection or disclosure for tax administration purposes*." (emphasis added).

1.  *Individual Federal Defendants*

The individual federal defendants move to dismiss plaintiff's claims against them in their individual and official capacities.

Regarding plaintiff's official capacity claims, a plaintiff cannot maintain an action against federal agents in their official capacities absent an explicit waiver of sovereign immunity. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiff's complaint, while citing to statutes that permit actions against the United States, sets forth no authority permitting suit against individual federal defendants in their official capacities. See e.g., 26 U.S.C. § 7431 ("If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of Section 6103, such taxpayer may bring a civil action for damages *against the United States*") (emphasis added); accord 26 U.S.C. § 7433. Accordingly, plaintiff's claims against the individual federal defendants in their official capacities are facially improper and therefore subject to dismissal.

Plaintiff's claims against the individual federal defendants in their individual capacities also fail. Plaintiffs can maintain suits against federal officials in their individual capacities where the officials are alleged to have violated the Constitution while acting under color of federal authority. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 391 (1971). However, actions taken in relation to federal tax collection cannot support a Bivens claim. See Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991) (no

constitutional violation arises from the collection of taxes).

Here, plaintiff has not alleged any significant or specific facts to support a claim that the individual federal defendants violated her constitutional rights that would allow her to maintain a Bivens action against them.

Accordingly, plaintiff's claims against the individual federal defendants in their official and individual capacities are facially improper. The undersigned recommends these defendants be dismissed from this matter without leave to amend.

2. *United States*

Regarding plaintiff's claim against the United States, the court recommends dismissal with leave to amend her complaint.[7] Plaintiff's present complaint is legally insufficient to give the United States adequate notice of the claims against it and is therefore subject to dismissal.

It appears that plaintiff's factual allegations are that federal employees improperly disclosed her return information in relation to *collection activities*. (See ECF No. 24 at 11 (requesting release of liens filed against plaintiff's property, and a release of all levies and garnishments filed against plaintiff's "financial bank institutions held by IRS Defendant Paul J. Enjalran").) Claims premised on improper disclosure of tax information in relation to collection activities have to be brought pursuant to 26 U.S.C. § 7433. See Shwarz v. United States, 234 F.3d 428, 433 (9th Cir. 2000); see also Henkell v. United States, 1998 WL 41565, at *3 (E.D. Cal. Jan. 9, 1998) ("[T]axpayers must rely on section 7433 to redress any injuries caused by improper collection activity and/or procedural deficiencies in the lien process."). Additionally, Section 7433 requires parties to plead facts sufficient to show they exhausted their administrative remedies. See 26 U.S.C. § 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies deprives the court of jurisdiction over § 7433 claims); Curfman v. United States, 2007 WL 2007496, at *4 (D.D.C. July 10, 2007) (finding 12(b) dismissal proper because plaintiffs did "not allege that they have attempted any administrative remedies with the IRS").

---

[7] Plaintiff's pending Third Amended Complaint suffers from the same deficiencies discussed herein.

6

In the present case, plaintiff has not sufficiently pleaded her exhaustion of administrative remedies. (See ECF No. 24 at 3 ("[Plaintiff] has attempted to exhaust and/or is in the process of exhausting her administrative remedies with the IRS.").) Plaintiff's single sentence regarding administrative remedies is insufficient to plead exhaustion. See Mark Moon, et al v. Cty. of Orange, et al, 2019 WL 8108730, at *4 (C.D. Cal. Nov. 4, 2019) (finding plaintiff failed to plead exhaustion whose complaint stated "[a]dministrative remedies have been exhausted and the government code complied with"). Accordingly, plaintiff has failed to sufficiently plead a cause of action premised on 26 U.S.C. 7433, as she has not addressed what administrative remedies she has sought nor their present posture or outcome.

Additionally, the allegations plaintiff makes against the United States, contained in plaintiff's current complaint, which are generally consistent with her representations at oral argument, are so devoid of factual assertions that they fail to put the United States on proper notice, subjecting her complaint to dismissal. See Twombly, 550 U.S. at 555.

Due to plaintiff's failure to plead exhaustion of administrative remedies, as well as her complaint's general lack of factual allegations, the undersigned recommends that plaintiff's complaint be dismissed against the United States. However, because it is unclear whether amendment is futile, the court recommends that plaintiff be permitted to file an additional amended complaint against the United States. As discussed in the hearing on this matter, plaintiff is instructed to state the factual allegations underlying her claim in a plain and simple manner, avoid lengthy citation to legal authorities, and succinctly outline the alleged wrongdoings that entitle her to relief.

B.  INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

All individual defendants assert that plaintiff's complaint fails to allege sufficient facts to put them on proper notice. (ECF Nos. 25-1 at 4; 29 at 5; 30-1 at 4.) Additionally, in their separate motions to dismiss, defendants Marriott and Roughton argue that even if liberally construed plaintiff's complaint would still fail because they are immune from suit pursuant to 26 U.S.C. §6332(e). (ECF Nos. 29 at 7; 30-1 at 4.) Defendants Allred and Knight argue they are immune pursuant to California Code of Civil Procedure § 2103. (ECF No. 25-1 at 4-5.) All of

individual defendants' arguments have merit.

1.   *Plaintiff's complaint lacks sufficient factual allegations against individual defendants.*

The individual defendants are correct that plaintiff's complaint does not give them sufficient notice as to plaintiff's claims and lacks adequate factual assertions against them. A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

The entirety of the factual assertions against each individual defendant are as follows: "[Individual defendants] have injured Plaintiff Mary A. Nelson Rogers by fraud" (ECF No. 24 at 2-3); and "[Individual defendants] are sued in their individual capacity for acts and omissions occurring in connection with duties performed on behalf of the U.S. Government." (Id. at 9.) While plaintiff occasionally references "defendants" in her complaint, there are no specific allegations against the individual defendants that place them on notice of what exactly plaintiff is alleging. These deficient assertions against the individual defendants are nothing more than bare declarations that are subject to dismissal. See Twombly, 550 U.S. at 556 (2007). Thus, plaintiff's complaint should be dismissed against the individual defendants for failing to give them fair notice of her claim(s).

2.   *The individual defendants are statutorily immune from suit.*

The undersigned finds that any amendment by plaintiff regarding the individual defendants would be futile. As to defendants Roughton and Marriott, they are immunized by Section 6322(e), which provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary . . . *shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment*.

26 U.S.C. § 6332(e) (emphasis added); see also Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993) (noting that the provision of immunity is broadly interpreted).

////

8

Plaintiff's complaint alleges only that her accounts were levied by the government. Thus, it is implausible that plaintiff could allege anything against these two defendants—who plaintiff alleges are President/CEOs of financial institutions—which would not be subject to dismissal under 26 U.S.C. § 6332(e), as all these defendants could have done was record tax levies as required by statute. Thus plaintiff's complaint against defendants Roughton and Marriott should be dismissed without leave to amend.

Regarding defendants Allred and Knight, who are county recorders, they too are immune from suit. California Code of Civil Procedure § 2103 provides that "[i]f a notice of federal lien ... is presented to a filing officer who is ... [a] county recorder, he or she *shall* accept for filing, file for record in the manner set forth in Section 27320 of the Government Code, and index the document[.]" (emphasis added). Accordingly, even if plaintiff provided additional factual allegations against Allred and Knight, an amended complaint against them would be subject to dismissal as they are required by law to record federal tax liens. See White v. Wharff, 2007 WL 196676, at *5 (N.D. Cal. Jan. 24, 2007) ("The complaint fails to state a claim against [defendant] because she properly recorded the federal tax lien in accordance with the requirements of her job."). Plaintiff's complaint against defendants Allred and Knight should therefore be dismissed without leave to amend.

Accordingly, the undersigned recommends dismissal of the individual defendants without leave to amend.

C.     MOTION TO AMEND

Finally, plaintiff has also filed a motion to amend and a proposed Third Amended Complaint. (ECF Nos. 33, 34.) Plaintiff asserts that she should be given leave due to the "relation back" doctrine, and that her Third Amended Complaint "will address subject matter jurisdiction and give rise to the more definite statement alleged against defendants Tim Marriott, Dave Roughton, Gloria Allred, and K. Knight." (ECF No. 33 at 2.)

However, plaintiff's Third Amended Complaint does not address the deficiencies described above. Again, her complaint only mentions the individual defendants twice, and generally lacks factual assertions. (See ECF No. 34.) The complaint also does not address any of

the defects as to the federal defendants. (See id.) Accordingly, while the undersigned recommends granting plaintiff leave to amend as to the United States, the presently filed Third Amended Complaint does not remedy the problems addressed above. Therefore, the undersigned will deny plaintiff's presently filed motion to amend. (ECF No. 33.)

CONCLUSION

For the reasons above, the undersigned recommends dismissing plaintiff's complaint in its entirety, but allowing plaintiff leave to amend as to the United States.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 25, 28, 29, 30) be GRANTED.
2. Plaintiff's complaint be DISMISSED against the United States, but with leave to amend.
3. Plaintiff's complaint be DISMISSED against the remaining named defendants without leave to amend and with prejudice.
4. Plaintiff's presently filed motion to file an amended complaint (ECF No. 33) be DENIED.
5. Within 21 days of the district judge's order plaintiff be required to file an amended complaint against the United States addressing the deficiencies outlined in these Findings and Recommendations. This complaint shall be captioned "Fourth Amended Complaint." If plaintiff finds that she cannot remedy the deficiencies outlined above she shall file a notice of dismissal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////

1   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 18, 2020

                                                   */s/ Carolyn K. Delaney*
                                         CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE

16.1564.rogers mtd