UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A. NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:19-cv-01564-TLN-CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 64) |

Presently before the court is defendant's motion to dismiss plaintiff's Fifth Amended Complaint. (ECF No. 64.) Plaintiff has filed an opposition. (ECF No. 65.) The court is deciding the motion without a hearing pursuant to Local Rule 230(g). For the reasons that follow, the undersigned recommends granting defendant's motion and dismissing plaintiff's complaint without leave to amend.

BACKGROUND[1]

Plaintiff alleges that the present action "arises out of the Internal Revenue Service['s] . . . wrongful acts and omissions concerning [plaintiff]" in violation of multiple sections of the United States Code.[2] (ECF No. 62 at 2.) More specifically, plaintiff alleges that IRS agents "repeatedly

---

[1] Unless otherwise indicated the undersigned refers to the operative Fifth Amended Complaint. (ECF No. 62.)

[2] Plaintiff states that defendant violated the following sections: "26 U.S.C. § 6330; 26 U.S.C.

1

accessed and inspected the Plaintiff's information in violation of federal law that prohibits IRS agents from inspecting taxpayer information without authorization." (Id.)

The alleged violations caused plaintiff economic insolvency, humiliation, mental pain and suffering, damage to her credit, and to incur expenses to prevent further unreasonable searches and seizures. (Id. at 7.) Plaintiff prays for "[e]quitable relief, including an Injunction for Court oversight" as well as a release of liens filed against plaintiff's real properly and a release of levies and garnishments "filed against Plaintiff['s] financial bank institutions held by Internal Revenue Service agents and or employees." (Id. at 8.) Plaintiff also requests "compensatory, statutory and general damages . . . and . . . exemplary and punitive damages." (Id.)

Plaintiff has filed six complaints in this matter. On December 17, 2019, the court granted plaintiff's motion to amend her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15. (ECF No. 19.) The court advised plaintiff that her "amendment as a matter of course renders [her] original complaint non-existent." (Id.) Plaintiff's First Amended Complaint only named two defendants, Paul Enjalran and Kamal Kaur, omitting several defendants named in her original complaint. (Compare ECF No. 1 at 2-7 with ECF No. 18 at 2-4.) Plaintiff's Second Amended Complaint added the formerly named defendants as well as Marcie Frost and Tim Behrens. (ECF No. 24.) In granting plaintiff leave to file her Second Amended Complaint the court "again cautioned that [plaintiff's] Second Amended Complaint will render her former complaint non-existent, and 'Defendants not named or served and all claims not re-alleged in the [Second] Amended Complaint will be deemed to have been waived.'" (ECF No. 22 at 2 (quoting Lewis v. Mitchell, 416 F. Supp. 2d 935, 947 (S.D. Cal. 2005)).)

After plaintiff filed her Second Amended Complaint, defendants filed four motions to dismiss. (ECF Nos. 25, 28, 29, 30.) The court granted defendants' motions to dismiss. (ECF No. 60.) However, plaintiff was afforded leave to file an amended complaint against the United States *only*, as the court found amendment as to the other defendants would be futile. (Id.)

---

§6304; 26 U.S.C. § 7426 (A)(1) and (B); 26 U.S.C. § 7431; 26 U.S.C. § 7432; 26 U.S.C. § 7433(C)(1); 12 U.S.C. § 3401; 12 U.S.C. § 3402; 12 U.S.C. §3405; 12 U.S.C. § 3412; 12 U.S.C. § 3417." (ECF No. 62 at 2.)

2

Plaintiff subsequently filed her Fifth Amended Complaint, naming the Commissioner of Internal Revenue as the sole defendant. (ECF No. 62.) The United States then filed the motion to dismiss presently before the court. (ECF No. 64.)

LEGAL STANDARD

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

DISCUSSION

As an initial matter, as with plaintiff's prior complaints, the allegations contained in plaintiff's Fifth Amended Complaint are so devoid of factual assertions that they fail to put the United States on proper notice, subjecting her complaint to dismissal. See Twombly, 550 U.S. at 555. While plaintiff cites to numerous statutes, simply listing a statute, or reciting the elements of a cause of action, is not enough to save a complaint from dismissal. Id. While this deficiency could be a sufficient reason to dismiss plaintiff's entire complaint, the court wishes to further explain its rationale.

The thrust of plaintiff's complaint appears to be that the United States violated the Financial Privacy Act by improperly disclosing her tax information. (See ECF No. 62 ("The U.S. Government has waived its sovereign immunity pursuant to 12 U.S.C. § 3417, which provides

3

taxpayers a cause of action for damages against the United States for knowing or negligent unauthorized inspection of tax return information in violation of the Right To Financial Privacy Act"); id. at 5 ("The Internal Revenue Service repeatedly accessed and inspected the Plaintiff's information in violation of federal law that prohibits IRS agents from inspecting taxpayer information without authorization.").

However, as the court noted in its prior Findings and Recommendations, that provision does not apply to plaintiff in the present context. Rather, "[r]eturns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury *whose official duties require such inspection or disclosure for tax administration purposes*." 26 U.S.C. § 6103(h)(1) (emphasis added).[3] Plaintiff has not articulated any reason or exemption, either in her complaint or in opposition to the present motion, as to why this provision does not apply to the facts of her case. Instead, plaintiff claims that the IRS improperly inspected her taxpayer information while either accessing or attempting to collect plaintiff's taxes, activities clearly contemplated by Section 6103. See 26 U.S.C. 6103(b)(4) (defining "tax administration" as "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes ... and *includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions*") (emphasis added). Plaintiff has failed to allege any impropriety or illegality other than that the liens and garnishments exist. Accordingly, any allegation that individuals improperly inspected plaintiff's tax information cannot survive defendant's motion to dismiss.

Similarly, plaintiff has failed to remedy another deficiency: her failure to exhaust administrative remedies. Claims premised on improper disclosure of tax information in relation to collection activities must be brought pursuant to 26 U.S.C. § 7433. See Shwarz v. United States, 234 F.3d 428, 433 (9th Cir. 2000); see also Henkell v. United States, 1998 WL 41565, at

---

[3] Plaintiff's claim that defendants violated the Financial Privacy Act, 12 U.S.C. § 3401 et seq., is encapsulated in the court's discussion of title 26, as "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by title 26." 12 U.S.C. § 3413.

4

*3 (E.D. Cal. Jan. 9, 1998) ("[T]axpayers must rely on section 7433 to redress any injuries caused by improper collection activity and/or procedural deficiencies in the lien process."). Additionally, Section 7433 requires parties to plead facts sufficient to show they exhausted their administrative remedies. See 26 U.S.C. § 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies deprives the court of jurisdiction over § 7433 claims); Curfman v. United States, 2007 WL 2007496, at *4 (D.D.C. July 10, 2007) (finding 12(b) dismissal proper because plaintiffs did "not allege that they have attempted any administrative remedies with the IRS").

In the present case, plaintiff has not sufficiently pleaded her exhaustion of administrative remedies. (See ECF No. 62 at 8 ("Plaintiff has sought to remedy the complaint through the Internal Revenue Service administrative process."). Plaintiff's single sentence regarding administrative remedies is insufficient to plead exhaustion. See Mark Moon, et al v. Cty. of Orange, et al, 2019 WL 8108730, at *4 (C.D. Cal. Nov. 4, 2019) (finding plaintiff failed to plead exhaustion whose complaint stated "[a]dministrative remedies have been exhausted and the government code complied with"). Accordingly, plaintiff has failed to sufficiently plead a cause of action premised on 26. U.S.C. 7433, as she has not addressed what administrative remedies she sought nor their present posture or outcome.

Finally, to the extent that plaintiff seeks an injunction, the Anti-Injunction Act precludes jurisdiction over such a claim. See 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"); Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 5 (1962) ("The object of s[ection] 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes."). A district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the [Anti-Injunction] Act. Elias v. Connett, 908 F.2d 521, 523 (9th Cir. 1990). Plaintiff has failed to establish any exemption to this general rule, and therefore cannot be entitled to an injunction.

Having found that plaintiff's complaint should be dismissed, the court must consider whether plaintiff should be allowed to amend her complaint. See Polich v. Burlington N., Inc.,

942 F.2d 1467, 1472 (9th Cir.1991) (holding that dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by further amendment).  Given the present posture of this matter, the multiple motions to dismiss and plaintiff's multiple amended complaints, as well as plaintiff's inability to state a claim, the court finds that amendment would be futile and therefore recommends that this matter be dismissed without leave to amend.

CONCLUSION

For the reasons above, the undersigned recommends dismissing plaintiff's complaint in its entirety, without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 64) be GRANTED.

2. Plaintiff's complaint be DISMISSED, without leave to amend.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 21, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.1564.rogers mtd